**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

REGINALD HOLDEN,

    Plaintiff,

v.                                                                         Case No. 19-10694

CHRISTOPHER KERTESZ,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND SUMMARILY DISMISSING THE COMPLAINT**

In November 2018, Plaintiff Reginald Holden filed a pro se complaint against his former wife, Nina Holden, and her father, Christopher Kertesz. (Case No. 18-13486.) The complaint alleged "tortious interference" and "abuse of process" under the heading "Deformation [sic] of Character /Harassment and Unlawful Imprisonment, Identity Theft," (*Id.*, ECF No. 1, PageID.8–10), and included numerous documents (the filing totaled 54 pages). The court ordered Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction, noting that "[t]he complaint assert[ed] the basis for federal court jurisdiction is a federal question but d[id] not identify any federal statutes, treaties, or United States Constitutional provisions at issue." (*Id.*, ECF No. 6.) Plaintiff filed a response reiterating his claims but did not identify any basis for federal court jurisdiction (*Id.*, ECF No. 7), so the court dismissed the case. (*Id.*, ECF No. 10.)

Undeterred, Plaintiff filed the present case, which was reassigned to the undersigned as a companion case to the previously dismissed case. (Case No. 19-10694, ECF Nos. 1, 5.) Plaintiff also filed an application to proceed without prepaying

fees or costs. (ECF No. 2.) While not identical to the dismissed complaint, the complaint in this case appears to allege the same claims against the same defendants.[1] Plaintiff again designates the basis for the court's jurisdiction as federal question, but this time also attaches a copy of the diversity jurisdiction statute, 28 U.S.C. § 1332. (ECF No. 1, PageID.3, 15.)

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). This statute requires district courts to dismiss complaints that are frivolous or that fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). A complaint is frivolous and subject to *sua sponte* dismissal under § 915(e) if it lacks an arguable basis in either law or fact. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Under Federal Rule of Civil Procedure 8(a), a pleading must contain both a "short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2).

Having reviewed Plaintiff's complaint, the court finds that it fails to establish subject matter jurisdiction in this court based on either a federal question or diversity of citizenship, as set forth in 28 U.S.C. §§ 1331, 1332. The complaint alleges various violations of Michigan law but does not invoke any federal issues. Moreover, there is not complete diversity of citizenship between the parties, as both Plaintiff and Nina Holden are citizens of Michigan. (ECF No. 1, PageID.7.) Because the court lacks jurisdiction to

---

[1] Although the title of the complaint does not list Nina Holden as a defendant, the body of the complaint repeatedly states that she is a "Counter-Defendant" and requests that judgment be entered against her. (ECF No. 1, PageID.8–9.)

hear this case, it will dismiss Plaintiff's complaint. The court makes no determination of Plaintiff's ability to pursue his claims in the proper state court. Accordingly,

IT IS ORDERED that Plaintiff Reginald Holden's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 27, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-10694.HOLDEN.GrantIFP.SummaryDismissal.docx